IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LUCKY OTT, JR,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **NEWREZ MORTGAGE, LLC, DBA** | § | |
| **SHELLPOINT MORTGAGE** | § | |
| **SERVICING, MORTGAGE SERVICER** | § | Civil Action No. 5:21-cv-00027 |
| **FOR WILMINGTON SAVINGS FUND** | § | |
| **SOCIETY, FSB, NOT IN ITS** | § | |
| **INDIVIDUAL CAPACITY BUT SOLELY** | § | |
| **AS TRUSTEE FOR THE VERSUS** | § | |
| **SECURITIZATION TRUST 201-2** | § | |
| **MACKIE WOLF ZIENTZ & MANN,** | § | |
| **P.C., AS SUBSTITUTE TRUSTEE,** | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Defendant NewRez LLC, dba Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant") files this notice of the removal of this action from the 451st Judicial District Court of Kendall County, Texas. Defendant submits this Notice in support of its removal. Removal is based on the ground that diversity jurisdiction exists over this action because there is complete diversity among the proper parties and the amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C. Section 1332. Defendant respectfully shows as follows:

### INTRODUCTION

1.  Lucky Ott, Jr. ("Plaintiff") filed this action on January 4, 2021, under Cause No. 21-010 in the 451st Judicial District Court of Kendall County, Texas, styled *Lucky Ott, Jr. v. NewRez LLC, DBA Shellpoint Mortgage Servicing, et al.* (the "State Court Action"). Pursuant to

Sections 1441 and 1446 of Title 28 of the United States Code, U.S. Bank removes this case to the United States District Court for the Western District of Texas, San Antonio Division, the Judicial District and Division in which this action is pending.

2. The allegations in *Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction* (the "Petition") relate to the foreclosure proceedings of Plaintiff's loan secured by his residence, located at 213 Spanish Pass, Boerne, TX 78006 (the "Property"). (Petition at ¶8.) Plaintiff complains Shellpoint did not honor an agreement for loss mitigation on the Loan, did not provide the required notices of foreclosure, and is not the proper party to foreclose. (*See generally*, Petition.) Based on these allegations, Plaintiff brings claims for breach of contract and declaratory judgment. (*See* Petition at §V.) Plaintiff seeks to enjoin Defendant from foreclosing on the subject mortgage loan and selling the Property. (*Id.* at Prayer.)

3. Attached hereto as Exhibit A is a copy of the Docket Sheet from the State Court Action, and true and correct copies of all pleadings filed in the State Court Action are attached within the contents of Exhibit B.

4. This Notice of Removal is timely under the provisions of 28 U.S.C. Section 1446(b), as it is being filed within thirty (30) days after the State Court Action was filed. 28 U.S.C. § 1446(b)(2).

### BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A.    There is diversity between the parties.**

5. Removal of the State Court Action to this Court is also proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorney fees.

**1.     There is complete diversity.**

6.     Plaintiff is an individual and citizen of the state of Texas (*See* Petition at ¶1.)

7.     NewRez LLC dba Shellpoint Mortgage Servicing is a limited liability company and its citizenship is determined by its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of NewRez LLC is Shellpoint Partners LLC. The members of Shellpoint Partners LLC are NRM Acquisition, LLC and NRM Acquisition II, LLC. The sole member of both NRM Acquisition, LLC and NRM Acquisition II, LLC is New Residential Mortgage, LLC. New Residential Mortgage, LLC's sole member is New Residential Investment Corp., a Delaware Corporation with its principal place of business in New York. Therefore, Shellpoint is a citizen of Delaware and New York for diversity purposes.

**2.     Mackie Wolf Zientz & Mann, P.C. was improperly joined.**

8.     Mackie Wolf Zientz & Mann, P.C. ("MWZM") was improperly joined and its citizenship is not properly considered.

9.     The doctrine of improper joinder entitles a defendant to remove to federal court if an in-state defendant is improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder occurs when the plaintiff is unable to establish a cause of action against the non-diverse defendant. *Id. Smallwood* recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (internal citations omitted). The removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "This possibility [of recovery], however, must be reasonable, not

merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Deen Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).

10. In determining whether there is a reasonable basis to predict whether the plaintiff might recover against an in-state defendant, courts often utilize a Rule 12(b)(6) analysis. Rule 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* at 1949–50. A complaint states a "plausible claim for relief when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986).

11. Plaintiff's allegations against MWZM expressly relates to its role as trustees/counsel in foreclosing on the loan for their client, Shellpoint. (*See* Petition at ¶¶9, 18.) Plaintiff fails to state a claim against MWZM because substitute trustees are generally protected from liability. Moreover, MWZM has attorney immunity.

a. <u>Substitute trustees are protected from liability.</u>

12. Substitute trustees are considered nominal parties whose presence is disregarded for determining diversity. *Zavala v. M & T Trust Co.*, SA-11-CV-956-XR, 2011 WL 6739614, *2, 2011 U.S. Dist. LEXIS 147119 (W.D. Tex. Dec. 22, 2011) (citing *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 465–66, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). Texas law

recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure. *Zavala*, 2011 WL 6739614 at *2 (*citing* TEX. PROP. CODE § 51.007.) Thus, MWZM is not a necessary party for Plaintiff to obtain the relief he seeks and its presence must be disregarded for purposes of determining diversity. *See id*. at *2-3 (citing *Marsh*, 760 F.Supp.2d at 709.

13. The Texas Property Code imposes a substantive pleading element on a plaintiff to establish bad faith on the part of the trustee. *Rojas v. Wells Fargo Bank, N.A.*, No. 13-50884, 2014 U.S. App. LEXIS 10599 at *11, 571 Fed. App'x. 274 (5th Cir. 2014). Without factual statements that a trustee was not acting in good faith when acting on behalf of the lender, there is no reasonable basis for recovery asserted and the trustee is improperly joined. *Id.* Here, Plaintiff makes no allegations that would indicate MWZM acted in bad faith by either executing or filing the Notice of Trustee's Sale, Notice of Acceleration, and/or Notice of Sale. (*See* Petition generally.) As such, the citizenship of MWZM should be disregarded. *See Guillory v. PPG Indus.*, 434 F.3d 303, 308, 313 (5th Cir. 2005).

      b. <u>In addition, attorneys are further protected from liability to Plaintiff under attorney immunity.</u>

14. Plaintiff's only factual allegation against MWZM is that it sent the foreclosure sale notices on behalf of Shellpoint. (*See* Petition at ¶¶9, 18.) Where a party's sole involvement is to act as an attorney for a mortgage company, the doctrine of attorney immunity applies to protect the public's "interest in loyal, faithful and aggressive representation by the legal profession." *Pease v. BAC Home Loans Servicing, et al*, No. A-12-CA-1009-SS (W.D. Tex. Dec. 28, 2011)(citing *Taco Bell Corp. v. Cracken*, 939 F. Supp 528, 532 (N.D. Tex. 1996)).

15. In June 2015, the Texas Supreme Court unequivocally held that an attorney is immune from civil liability to non-clients when the attorney is acting within the scope of his or

her representation. *Cantey Hanger, LLP v. Byrd*, 467 S.W. 3d 477, 481 (Tex. 2015). District courts in this Circuit have followed the *Cantey Hanger* holding in finding improper joinder of bank counsel or in granting summary judgments in favor of bank counsel. *McGee v. CTX Mortg. Co., LLC*, 2015 U.S. Dist. LEXIS 154850, *4 (N.D. Tex. Nov. 16, 2015); *Smith v. Bank of Am. Corp.*, 2016 U.S. Dist. LEXIS 81, *18 (W.D. Tex. Jan. 4, 2016); *Williamson v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 74059, *5 (E.D. Tex. Apr. 28, 2016).

16. The decision by the Court in *Cantey Hanger* forecloses the exact result entertained by the Plaintiff in this case: joining a law firm to a suit by simply basing a cause of action against an attorney for none other than advocating for their client against the complaining party. The doctrine of attorney immunity provides attorneys an opportunity to practice their profession, without a conflict between advocating zealously for their clients' best interests as deemed necessary and proper and their own personal exposure to liability from non-parties in the discharge of their duties within the scope of their client's representation. *Campbell v Mortgage Electronic Registration Systems Inc.* No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030 *6 (Tex. App.—Austin May 18, 2012, pet. denied) (mem.op.) (Attorneys hired to assist a mortgage beneficiary in the non-judicial foreclosure of real property were immune from the borrowers' suit for wrongful foreclosure.)

17. The Fifth Circuit has similarly held that, when a firm is retained to assist in the foreclosure of a lien and the actions complained of are in the scope of that representation, attorney immunity bars claims against the firm. *Iqbal v. Bank of Am., N.A.*, 559 Fed. Appx. 363, 365 (5th Cir. Tex. 2014)(affirming a district court's holding that a foreclosure firm was improperly joined because all claims were barred by the doctrine of attorney immunity.)

18. The allegations in the Petition do not support an independent cause of action against MWZM, and it has been improperly joined. MWZM was at all times acting as counsel for Shellpoint and cannot, as a matter of law, be held liable in that capacity. *See Williamson v. Wells Fargo Bank, N.A.*, Case No. 6:16-CV-200-MHS-JDL, 2016 U.S. Dist. LEXIS 74059 (E.D. Tex. Apr. 28, 2016)(attorneys assisting in a non-judicial foreclosure were immune from liability from the borrower for allegedly not providing an accounting of foreclosure costs and fees and engaging in a conspiracy prohibiting the borrower from reinstating the mortgage); *Wyles v. Cenlar FSB*, 7-15-CV-155-DAE, 2016 U.S. Dist. LEXIS 52795 (W.D. Tex. Apr. 20, 2016)(attorney immunity applied when law firm sent foreclosure notices to the borrower, posted notice of the foreclosure sale, and represented the loan servicer in the sale proceedings); *see also McGee v. CTX Mortg. Co., LLC*, Civil Action No. 3:15-CV-1746-L, 2015 U.S. Dist. LEXIS 154850 (N.D. Tex. Nov. 16, 2015)(attorney immunity applied when law firm assisted its client in initiating foreclosure proceedings). Accordingly, the citizenship of the MWZM must be disregarded for purposes of diversity jurisdiction. *See Guillory v. PPG Indus.*, 434 F.3d 303, 308, 313 (5th Cir. 2005).

19. As such, the allegations relating to the MWZM in the Petition do not support an independent cause of action against it. In ignoring the citizenship of MWZM, there is complete diversity between Plaintiff and Defendant Shellpoint. (*See* Discussion *infra* § A.1.) Accordingly, there is complete diversity among the parties. *See id.*; 28 U.S.C. § 1332(a)(2).

20. The consent to removal by MWZM is not required because it was improperly joined. *See Vasquez v. Wal-Mart Associates, Inc.*, No. 3:11-cv-2739-G, 2012 WL 2715691, at *2 (N.D. Tex. July 9, 2012) ("a removing defendant is not required to obtain the consent of any

defendant who has been improperly joined")(citing *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

### B. The amount in controversy exceeds $75,000.00.

21. The amount in controversy exceeds the sum or value of $75,000.00. In the Fifth Circuit, when declaratory and/or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.* 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

22. "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.' This court considers market value to be the preferred method." *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted). A defendant who attaches to a notice of removal the local appraisal district's summary showing the market value of the property exceeds $75,000.00 meets the burden of establishing that diversity jurisdiction exits. *See id.* at *6; *see also Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 U.S. Dist. LEXIS 130940, at

NOTICE OF REMOVAL  Page 8
20-000016-505

*11 (S.D. Tex. Dec. 10, 2010); *Funke v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 5:14-CV-307, 2014 U.S. Dist. LEXIS 104438, at *5–6 (W.D. Tex. July 31, 2014); *Johnson v. Wells Fargo Bank, N.A.*, No. 4:12CV768, 2013 U.S. Dist. LEXIS 41583, at *7 (E.D. Tex. Feb. 22, 2013). Here, Plaintiff requests an injunction prohibiting Defendants from foreclosing on the loan and selling the Property. (*See* Petition at Prayer.) The Kendall County Appraisal District shows a total assessed value of the Property at $414,320.00, well in excess of $75,00.00, exclusive of interest and costs. (Exhibits C, C-1.)

## VENUE

23.     Venue for removal is proper in this District and Division under 28 U.S.C. Section 1441(a) because this district and division embrace the 451st Judicial District Court of Kendall County, Texas, the forum in which the removed action was pending.

## NOTICE

24.     Defendant filed a copy of its Notice of Removal with the Clerk of the 451st Judicial District Court of Kendall County, Texas.

                Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile:  (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

**LIST OF ALL KNOWN COUNSEL OF RECORD**

1. Lucky Ott, Jr.
   Plaintiff
   c/o Richard R. Crow, Jr.
   Texas Bar No. 24044736
   rick@crowlawtexas.com
   CROW LAW FIRM PLLC
   11610 Vance Jackson #118
   San Antonio, TX 78230
   Telephone: (210) 202-1970
   Facsimile: (210) 855-7283

2. NewRez LLC, DBA Shellpoint Mortgage Servicing
   Defendant
   c/o Mark D. Cronenwett
   Texas Bar No. 00787303
   mcronenwett@mwzmlaw.com
   Mackie Wolf Zientz & Mann, P. C.
   14160 North Dallas Parkway
   Dallas, TX 75254
   Telephone: (214) 635-2650
   Facsimile: (214) 635-2686

## INDEX OF DOCUMENTS ATTACHED

Exhibit A   Copy of the Docket Sheet for Cause No. 21-010 in the 451st Judicial District Court of Kendall County, Texas;

Exhibit B   Pleadings in Cause No. 21-010 in the 451st Judicial District Court of Kendall County, Texas;

    B-1   Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction, January 4, 2021;

    B-2   Temporary Restraining Order, January 5, 2021;

    B-3   NewRez LLC, dba Shellpoint Mortgage Servicing's Original Answer, January 14, 2021;

Exhibit C   Declaration of Mark D. Cronenwett; and

    C-1   Print out from the Kendall County, Texas Appraisal District web-site, January 10, 2021.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served via regular U.S. mail on the following counsel of record on January 14, 2021:

Richard R. Crow, Jr.
CROW LAW FIRM PLLC
11610 Vance Jackson #118
San Antonio, TX 78230
rick@crowlawtexas.com

                                                 */s/ Mark D. Cronenwett*
                                                 **MARK D. CRONENWETT**